UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAMMY S. DOBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-CV-200 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition by the District Court of plaintiff Sammy S. Dobbins' motion for an award of attorneys' fees in the amount of $794.02 and for costs in the amount of $24.00 for service of process under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for a total amount of $ 818.02. [Doc. 21].

On October 4, 2004, Thomas W. Phillips, United States District Judge, entered an order granting the parties' joint motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). [Docs. 19 and 20].

Four conditions must be met before an attorney is entitled to EAJA attorneys' fees:

> 1. The plaintiff must be a prevailing party;
>
> 2. The government's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

The plaintiff obtained a "sentence four" remand in this case which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89, 111 S. Ct. 2157 (1991).

The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner does not oppose the plaintiff's motion for EAJA attorneys' fees, thereby conceding that the position of the government in this matter was not substantially justified. [Doc. 23].

Furthermore, I am aware of, and have been cited to, no "special circumstances" that would otherwise make an award of attorneys' fees unjust, and plaintiff's petition has been timely filed.

Plaintiff seeks a total fee amount of $818.02 [Doc. 21], and the Commissioner in her response stated that she does not oppose the plaintiff's motion for attorneys' fees and costs for that amount. [Doc. 23].

However, the Court has made two corrections that affect the requested fee amount. First, plaintiff's calculation of attorney time contains a typographical error. Instead of $310.02, the calculation should be $310.20 (2.20 x $141.00 = $310.20). Second, plaintiff seeks $47.00 per hour compensation for paralegal time, but will be compensated at $46.00 per hour for paralegal time pursuant to Cook v. Barnhart, 246 F. Supp.2d 908 (E.D. Tenn. 2003). Therefore, instead of receiving $188.00 for paralegal time (4.00 hours x $47.00), plaintiff will receive $184.00 for paralegal time (4.00 hours x $46.00). Thus, the total fee amount plaintiff will receive is $814.20, instead of the $818.02 requested.

Based upon the foregoing, it is hereby **RECOMMENDED** that plaintiff's motion for attorneys' fees and costs [Doc. 21] in the amount of $814.20 be **GRANTED**.[1]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).